IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FEDERAL DEPOSIT INSURANCE
CORPORATION as receiver for R-G
PREMIER BANK OF PUERTO RICO,

**Plaintiff,**

**v.**

BENEFICIAL MORTGAGE CORPORATION,
*et al.*,

**Defendants.**

**CIVIL NO.** 10-1827 (FAB)
10-1828
10-1829
10-1830
(consolidated)

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is plaintiff Federal Deposit Insurance Corporation as the receiver for R-G Premier Bank's ("FDIC-R") motion to dismiss defendants' counterclaims for failure to exhaust the mandatory administrative claims process. (Docket No. 62.) For the reasons set forth below, plaintiff FDIC-R's motion to dismiss the counterclaims is **GRANTED**.

**DISCUSSION**

**I.  Background**

On August 12, 2009, R-G Premier Bank ("R-G Premier" or "the Bank") filed suit in the Commonwealth of Puerto Rico Court of First Instance, San Juan Superior Division (Civil No. KCD-2009-3105), against defendants Beneficial Mortgage Corporation ("Beneficial"); Ernesto Acosta-Matos, his spouse Carmen Rodriguez-Negron and the conjugal partnership comprised by them ("Acosta-Matos"); and

Ernesto Acosta-Rodriguez, his spouse Brenda Haydee Muñoz-Franqui and the conjugal partnership comprised by them ("Acosta-Rodriguez"). (See Docket No. 38-1 at ¶ 2.) The defendants are debtors of R-G Premier. The complaint alleges that defendant Beneficial defaulted on three loans. Id. at ¶¶ 4-15. To ensure the payment of the debts, R-G Premier requested the assignment of rents on certain properties and the foreclosure of a surety and mortgage. Id. at ¶¶ 16-25. Additionally, R-G Premier alleged that defendants Acosta-Matos and Acosta-Rodriguez executed a "Letter of Continuous Security," in which they obligated themselves to pay for the loans in case of default by Beneficial. Id. at ¶¶ 26-28. On November 16, 2009, defendant Acosta-Matos filed counterclaims against R-G Premier. (Docket No. 43-3.) On January 19, 2010, defendant Acosta-Rodriguez filed an answer and counterclaims against R-G Premier. (Docket No. 43-6.)

On April 30, 2010, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico determined that R-G Premier was not in good financial condition. (Docket No. 1-4.) It closed the Bank and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for the failed bank. Id. On that same date, the FDIC accepted its appointment as the Bank's receiver. (Docket No. 1-5.)

On June 7, 2010, defendant Beneficial filed an answer and counterclaims. (Docket No. 43-5.) On July 21, 2010, FDIC-R

Civil No. 10-1827 (FAB)                                                      3

allegedly sent defendants Acosta-Matos and Acosta-Rodriguez
letters, notifying them of their rights to submit an administrative
claim to FDIC-R for any payment they claimed was due them from the
failed Bank.  (See Docket No. 62-1.)  The notices indicated that
any claim must be submitted before August 4, 2010, which was the
"Claims Bar Date" set by the FDIC-R.  Id.  On August 10, 2010, six
days (four work days) after the Claims Bar Date, defendants Acosta-
Matos allegedly submitted their claims to the FDIC-R.  (Docket
No. 62 at p. 3 and Docket No. 62-2 at ¶ 15.)  Plaintiff FDIC-R
contends that the remaining defendants, Beneficial and Acosta-
Rodriguez, failed to file any claim.  (Docket No. 62-2 at ¶ 13.)

    On August 26, 2010, the FDIC-R removed this action to this
Court, arguing that pursuant to the Federal Deposit Insurance Act
("FDIC Act"), 12 U.S.C. § 1819, all civil lawsuits in which the
FDIC is a party, in any capacity, "shall be deemed to arise under
the laws of the United States."  (See Docket No. 1 at ¶¶ 1-2.)
Thus, FDIC-R contends that removal was proper pursuant to the FDIC
Act and 28 U.S.C. § 1331 based on federal question jurisdiction.
Id. at ¶ 2.  On October 1, 2010, the Court consolidated the four
cases.  (See Docket No. 18.)  On October 25, 2010, the FDIC-R sent
defendants Acosta-Matos a notice which disallowed their claims
because the claims were untimely filed.  (Docket No. 62-4.)

    On December 20, 2011, plaintiff FDIC-R filed a motion to
dismiss defendants' counterclaims with prejudice.  (Docket No. 62.)

Plaintiff FDIC-R argues that the Court lacks jurisdiction to hear any of the counterclaims asserted by the defendants because the defendants failed to exhaust the mandatory administrative claims process.  Id. at p. 10.  Plaintiff FDIC-R contends that the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821, established a mandatory administrative claims process and that failure to comply with it precludes judicial review of any claim against FDIC-R.  Docket No. 62 at pp. 6-8.  Therefore, the FDIC-R argues, the Court should dismiss defendants' counterclaims because they failed to exhaust the administrative claims process.  Id. at pp. 9-10.

On January 20, 2012, all defendants filed a memorandum in opposition to the motion to dismiss their counterclaims.  They argue that FIRREA does not deprive the federal courts of jurisdiction to entertain cases filed prior to the FDIC's appointment as receiver of R-G Premier Bank.  (Docket No. 65 at p. 4.)  The defendants further argue that even if a jurisdictional bar applies, the initial notice sent by the FDIC was highly deficient and failed to constitute proper notice.  Id. at pp. 5-6. The Court will address each argument in turn.

## II.  Legal Analysis

### A.  Federal Rule of Civil Procedure 12(b)(1) Standard

Federal courts are courts of limited jurisdiction. Destek Grp. v. State of N.H. Pub. Utils. Comm'n., 318 F.3d 32, 38

Civil No. 10-1827 (FAB)                                                    5

(1st Cir. 2003).  Accordingly, "federal courts have the duty to construe their jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F.Supp.2d 321, 323 (D.P.R. 2008) (citing Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998)). Because federal courts have limited jurisdiction, the party asserting jurisdiction carries the burden of showing the existence of federal jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998) (internal citations omitted).

    A party may move to dismiss an action for lack of subject-matter jurisdiction.  Fed.R.Civ.P. 12(b)(1); see also Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001) (discussing how Rule 12(b)(1) is the "proper vehicle for challenging a court's subject-matter jurisdiction.")  Motions brought under Rule 12(b)(1) are subject to a similar standard as Rule 12(b)(6) motions.  Boada v. Autoridad de Carreteras v. Transportacion, 680 F.Supp.2d 382, 384 (D.P.R. 2010) (citing Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994)).  Subject-matter jurisdiction is properly invoked when a colorable claim "arising under" the Constitution or law of the United States is pled.  28 U.S.C. § 1331; Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (internal citation omitted).  Usually, a claim arises under federal law if a federal cause of action emerges from the face of a well-pleaded complaint.  See Viqueira, 140 F.3d at 17 (internal citations omitted).  Therefore, in considering a Rule

12(b)(1) motion, "[the district court] must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin v. Hosp. Bella Vista, 254 F.3d at 363).

**B.    FIRREA's Administrative Process Requirements for Claimants**

FIRREA establishes that when the FDIC is acting as a conservator or receiver, it succeeds to "all the rights, titles, powers, and privileges . . . and the assets of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A)(i). FIRREA also establishes a mandatory administrative claims review process ("ACRP"), which must be exhausted by every claimant seeking payment from the assets of the affected institution. 12 U.S.C. § 1821(d)(13)(D). If the ACRP is not completed by a claimant, a judicial bar will be imposed on "any claim that seeks payment, or determination of rights from the assets of the failed institution, for which the [FDIC] has been named receiver." Id.; see also Loyd v. FDIC, 22 F.3d 335, 337 (1st Cir. 1994); Marquis v. FDIC, 965 F.2d 1148, 1153 (1st Cir. 1992).

In Puerto Rico, the Office of the Commission of Financial Institutions appoints the FDIC as receiver of a failed bank. See P.R. Laws Ann. tit. 7, § 2001 *et. seq.* Once the FDIC has been appointed as receiver, it must publish a notice to the failed bank's claimants to notify them of their obligation to present proof of their claims by a specific date. 12 U.S.C. §

1821(d)(3)(B)(i).  This date, which is known as the "bar date,"
must not be less than ninety days after publication of the notice
to claimants.  FDIC v. Kane, 148 F.3d 36, 38 (1st Cir. 1998)
(citing 12 U.S.C. § 1821(d)(3)(B)).  The notice must be republished
twice, at approximately one and two months after the initial
publication of the notice.  12 U.S.C. § 1821(d)(3)(B)(ii).  It must
also mail a similar notice to the failed bank's creditors to notify
them of the FDIC's appointment as receiver and of the creditors'
obligation to present their claims, with proof, by a specific date
to the FDIC.  12 U.S.C. § 1821(d)(3)(C).

        If a claimant timely files a claim before the bar date,
the FDIC has authority to determine the claim in accordance with
the procedures established in FIRREA.  12 U.S.C. § 1821(d)(3)-(6).
If the claimant fails to file a timely claim before the bar date,
then his or her right to have the claim heard is barred forever.
12 U.S.C. § 1821(d)(5)(C)(I).  If a claimant files a timely claim,
the FDIC has 180 days to determine whether to allow or disallow, in
whole or in part, a claim without the delay and expense of
litigation.  12 U.S.C. § 1821(d)(5)(A)(i).  When the FDIC disallows
a claim, or fails to respond to the claimant within the 180-day
determination period, the claimant must: 1) request administrative
review, 2) file a new action in the appropriate federal court, or
3) "continue" an action that started prior to the appointment of
the FDIC as receiver.  12 U.S.C. § 1821(d)(6)(A).  The claimant

must take any of these actions within prescribed periods of time.
12 U.S.C. § 1821(d)(6)(A).  If the claimant fails to take any of
these actions within the allotted time, then "[the FDIC's]
disallowance [of the claim] shall be final, and the claimant shall
have no further right or remedies [sic] with respect to such
claim."  12 U.S.C. § 1821(d)(6)(B).  Therefore, if the claimant
fails to comply with these requirements, then the Court will not
have jurisdiction over his or her claim.  12 U.S.C.
§ 1821(d)(13)(D).

### 1. Exhaustion of the Administrative Claims Process

Plaintiff FDIC-R argues that the defendants have
failed to exhaust the ACRP and that therefore, the Court lacks
jurisdiction to hear any of the counterclaims asserted by the
defendants.  (Docket No. 62 at p. 10.)  The defendants respond that
they "are simply entitled to continue any and all cases that were
filed prior to the designation of the FDIC as receiver for R-G
Premier Bank."  (Docket No. 65 at p. 6.)  The defendants also argue
that dismissal of their counterclaims "would run counter to the
well settled law in th[e First] Circuit."  Id.  The Court finds
defendants' arguments unavailing and finds that defendants have
failed to exhaust the mandatory ACRP.

R-G Premier Bank commenced the lawsuit in the
Commonwealth court before the appointment of the FDIC as receiver:
the Bank filed the suit on August 12, 2009, (see Docket No. 38-1 at

¶ 2.), and the Bank went into receivership on April 30, 2010, (see Docket No. 1-4).  The defendants each filed their own counterclaims on various dates:  November 16, 2009; January 19, 2010; and June 7, 2010.  (See Docket Nos. 43-3, 43-6, 43-5.)

In accordance with 12 U.S.C. § 1821(d)(3)(B), the FDIC-R published a notice to the Bank's creditors in three separate local newspapers in three consecutive months:  May 2010, June 2010, and July 2010.  (See Docket Nos. 62 at p. 11, 62-2 at pp. 12-30, and 62-3.)  In accordance with 12 U.S.C. § 1821(d)(3)(C) the FDIC also sent a Claims Notice to defendants Acosta-Matos and Acosta-Rodriguez on July 21, 2010.  (See Docket No. 62-1.)  Rita F. Entsminger, a Resolutions and Receivership Specialist/Claims Agent for the FDIC, who oversees the receivership claims process for R-G Premier Bank, submitted an affidavit stating that those notices were sent to defendants Acosta-Matos and Acosta-Rodriguez. (Docket No. 62-2 at pp. 1-3.)  Attached to the affidavit are copies of certified mail receipts from the United States Postal Service with tracking numbers.  (Docket No. 62-2 at pp. 7-11).  The certified mail receipts indicate that the notifications were mailed to the attorneys of the defendants as well as to the defendants themselves.  Id.  Both the published and mailed notices indicated that any claim must be submitted by the "Claims Bar Date," which the FDIC-R set as August 4, 2010.  (See Docket Nos. 62-2 and 62-3). The notices also state clearly that the FDIC-R would only consider

claims on which a claimant completes and signs a form enclosed with the notice, with supporting documentation.  Id.  Only defendants Acosta-Matos filed an administrative claim. (Docket No. 62 at p. 3 and Docket No. 62-2 at ¶ 13-15.)  Because they submitted their claim four days late on August 10, 2010, the FDIC-R disallowed the claims on October 25, 2010 because they were untimely filed. (Docket No. 62-4.)

All of the defendants argue that "neither the ACRP or FIRREA deprive the District Courts of jurisdiction to continue cases that had been judicially filed prior to the appointment of the FDIC as receiver." (Docket No. 65 at p. 4.)  Defendants cite two First Circuit Court of Appeals cases for support: Marquis, 965 F.2d 1148 (1st Cir. 1992) and Yeomalakis v. FDIC, 562 F.3d 56 (1st Cir. 2009).  The Court finds defendants' arguments unavailing because defendants ignore the Marquis court's analysis regarding mandatory participation in the ACRP.  Marquis, 965 F.2d at 1151. The Marquis court held that FIRREA does not automatically strip federal courts of all jurisdiction of cases filed pre-receivership while the ACRP "runs its course."  Id. at 1152 and 1154.  The case did, however, explicitly emphasize that the ACRP is mandatory for all parties who received proper notice of a bank that enters into federal receivership.  Specifically, the Marquis Court stated that:

> "FIRREA makes participation in the administrative claims review process *mandatory* for all parties asserting claims against failed institutions, *regardless of whether lawsuits to enforce those claims were initiated prior to*

*the appointment of a receiver* . . . Accordingly, we rule
that  when a claimant has been properly notified of the
appointment of a federal insurer as receiver, 12 U.S.C.
§ 1821(d)(3)(B)-(C), and has *nonetheless failed to
initiate an administrative claim within the filing
period*, 12 U.S.C. § 1821(d)(3)(B)(i), the claimant
necessarily *forfeits any right* to pursue a claim against
the failed institution's assets in *any court*.[1]  *See* 12.

---

[1] Most district courts in this district have held that the ACRP is
mandatory for claimants who brought their claims prior to the
appointment of a receiver, as long as those claimants receive
proper notice of the FDIC's appointment. <u>See e.g.</u>, <u>FDIC v. Estrada-
Colon</u>, No. 10-1620 (ADC), 2012 WL 987022, (D.P.R. March 13, 2012);
<u>FDIC v. Estrada-Rivera</u>, 813 F. Supp. 2d 265 (D.P.R. 2011).  One
judge, however, has held that the FDIC-R may only "compel claimants
to exhaust administrative remedies in pre-receivership cases . . .
if it moves the court for a stay within 90 days of its appointment
as receiver." <u>See</u> <u>Hernandez v. Westernbank Puerto Rico Inc.</u>, No.
10-1573 (JAG), 2011 WL 3651819, at *3 (D.P.R. August 18, 2011)
(citing <u>Damiano v. FDIC</u>, 104 F.3d 328, 335 (11th Cir. 1997);
<u>Whately v. RTC</u>, 32 F.3d 905, 910 (5th Cir. 1994)); <u>see also</u>
<u>Hildenbrand v. W. Holding Co.</u>, No. 07-1886 (JAG), 2011 WL 2312486,
at *1-2 (D.P.R. June 10, 2011).  The Court, however, disagrees with
that interpretation and will follow the interpretation of the other
judges in the District of Puerto Rico because it aligns more
closely with the First Circuit Court of Appeal's analysis in
<u>Marquis</u>.  <u>Hernandez</u> and <u>Hildenbrand</u> suggest that in cases brought
before receivership, the FDIC-R must request a stay of district
court proceedings in order to notify the parties that the FDIC-R is
choosing to compel them to administrative proceedings.  <u>Id.</u>  The
<u>Marquis</u> court, however, does not require the FDIC to request a stay
for pending cases in order to compel claimants to exhaust the ACRP.
Instead, it states that notice to claimants via publication and
mailings in accordance with 12 U.S.C. § 1821(d)(3)(B)-(C) is
sufficient to compel claimants to comply with the ACRP and that
"the court, *may . . . in its discretion* - and ordinarily should -
stay proceedings for more than 90 days specified in 12 U.S.C.
§ 1821(d)(12) *so as to permit exhaustion of the mandatory
administrative claims review process*" (emphasis added).  <u>Marquis</u>,
965 F.2d at 1152 and 1155.  Furthermore, the <u>Marquis</u> court is clear
that those claimants who receive notice in accordance with
12 U.S.C. § 1821(d)(3)(B)-(C) and do not file timely claims in the
mandatory ACRP will be barred from seeking recourse in any court.
<u>Id.</u> at 1152.  <u>Hernandez</u> and <u>Hildenbrand</u> cite <u>Marquis</u>, 965 F.2d at
1155, but seem to ignore this explicit warning. <u>Hernandez</u>, 2011 WL
3651819, at *3; <u>Hidlenbrand</u>, 2011 WL 2312486, at *2.

> U.S.C. § 1821(d)(5)(C)(i)" (emphasis added).  <u>Id.</u> at
> 1151-52.

The <u>Yeomalakis</u> court holds that while federal courts retain
jurisdiction of cases brought pre-receivership, the ACRP is
mandatory.  <u>Yeomalakis</u>, 562 F.3d at 60 (noting that "courts would
*usually* stay pending cases to *allow for administrative exhaustion
of claims*) (emphasis added).

        Defendants' situation falls squarely into the
scenario described by the <u>Marquis</u> court.  Here, defendants were
properly notified through the published notices in the local
newspapers and through the notices sent to their homes and their
respective counsel.  Defendants Beneficial and Acosta-Rodriguez
failed to file any administrative claim at all.  (Docket No. 62-2
at ¶ 13.)  Defendants Acosta-Matos filed an administrative claim
but their claim was untimely.  (Docket No. 62-4.)  Therefore, all
claimants forfeited their right to pursue any claim against the
failed institution's assets in any court because they failed to
exhaust the ACRP.

                **2.   Sufficiency of Notice**

        Defendants also argue that even if the
jurisdictional bar applies, "the initial notice sent by the FDIC
was highly deficient and did not allow defendants the required
period of time in which to file a proof of claim." (Docket No. 65
at p. 5.)  They argue that the FDIC must allow defendants "the

necessary ninety-day period [as stated in FIRREA] to prepare and
file their proof of claim." Id.  Defendants further contend that
the FDIC failed to give the defendants the required period of time
to file claims because the FDIC mailed the notices to defendants
Acosta-Matos and Acosta-Rodriguez on July 21, 2010, yet the Claims
Bar Date was set for August 4, 2010. Id. at p. 6.  Plaintiff FDIC-
R responds that FIRREA does not "provide a waiver or exception [to
exhaustion] of the mandatory administrative claims process" in the
event that the notice is not sent.  (Docket No. 68 at p. 6.)  The
Court agrees with plaintiff FDIC-R and finds defendants' arguments
unpersuasive.

        Even though FIRREA requires that the FDIC mail a
notice contemporaneous to publishing a notice of receivership to
the failed bank's creditors, see 12 U.S.C. § (d)(3)(B)-(C), the
statute does not provide claimants a waiver or exception to
completing the mandatory ACRP if notice is not mailed.  See
Estrada-Colon, 2012 WL 987022 at *5; Maldonado-Vaillant v. FDIC,
No. 10-1700 (JAG), 2011 WL 1545429, at *2 (D.P.R. April 25, 2011);
Freeman v. FDIC, 56 F.3d 1394, 1402 (D.C. Cir. 1995); Accord v.
FDIC, 45 F.3d 1278, 1285 (9th Cir. 1994); Melieze v. RTC, 952 F.2d
879, 822 (5th Cir. 1992); see also RTC v. Haith, 133 F.3d 574, 579
(8th Cir. 1998) ("[T]he FDIC's failure to provide proper notice
'does not relieve the claimant of the obligation to exhaust
administrative remedies, because the statute does not provide for

a waiver or exception under those circumstances.'") (internal citation omitted).  As long as the claimants are aware of the appointment of the receiver, through personal knowledge or through a representative, the notice requirements of 12 U.S.C. § 1821(d)(3)(B) will be satisfied. Estrada-Colon, 2012 WL 987022, at *6; Maldonado-Vaillant, 2011 WL 1545429, at *9; Lozada v. FDIC, No. 10-1644 (JAG), 2011 WL 2199369, at *1 (D.P.R. Jun. 06, 2011).

        Here, the FDIC was appointed as receiver on April 30, 2010. (Docket No. 1-4.)  Plaintiff FDIC-R presented proof that they published the required notice of receivership in three different local newspapers at least ninety days before the Claims Bar Date, August 4, 2010, and defendants do not dispute this matter. (See Docket Nos. 62 at p. 11, 62-2 at pp. 12-30, and 62-3.)  Plaintiff FDIC-R also mailed defendants Acosta-Matos and Acosta-Rodriguez similar letters of notice on July 21, 2010. (See Docket No. 62-1.) These notices were sent to the defendants themselves and their attorneys. Id.  Thus, plaintiff FDIC-R's notices of receivership were sufficient to comply with FIRREA, given that defendants had either personal knowledge or knowledge through their attorneys of the receivership. Even if the FDIC had not mailed the letters of notice, defendants would have had knowledge of the receivership through the FDIC's notice of removal, (see Docket No. 1). Estrada-Colon, 2012 WL 987022, at *5. The Court finds no merit to defendants' arguments regarding sufficient

Civil No. 10-1827 (FAB)                                                    15

notice of the Bank's receivership.  Therefore, because defendants
had sufficient notice of receivership, they are not exempt from
exhausting the administrative process in accordance with 12 U.S.C.
§ 1821(d).

**III. CONCLUSION**

        For the reasons expressed, the Court **GRANTS** plaintiff's motion
to dismiss defendants' counterclaims with prejudice, (Docket
No. 62.)

        **IT IS SO ORDERED.**

San Juan, Puerto Rico, April 26, 2012.


                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE